# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, 1333 H St. NW Washington, DC 20005<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR 1849 C St. NW Washington, DC 20240<br><br>*Defendant*. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      On November 8, 2017, the Department of Interior's ("DOI," or "Defendant") National Park Service ("NPS") published a notice seeking nominations for the "Made in America" Outdoor Recreation Advisory Committee ("the Committee"), 82 Fed. Reg. 51870 (Nov. 8, 2017), a committee established pursuant to the Federal Advisory Committee Act. 5 U.S.C. App'x 2.  On March 26, 2018, DOI Secretary Ryan Zinke announced the appointment of 15 members to the Committee.  On May 9, 2018, Plaintiff Democracy Forward Foundation ("Plaintiff") submitted a request to Defendant under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), so that it could understand and inform the public about the process by which the members of the Committee were chosen.  The statutory deadline for Defendant to respond has now passed without any substantive response.

2.      The Committee was created to advise Defendant on services NPS provides within national parks, with a particular emphasis on the use of public-private partnerships in providing

services to National Parks visitors.  The continued affordability of the National Parks, and the quality of services offered therein, are matters of significant public importance.

3. The membership of the Committee appears to be largely comprised of industry representatives who stand to gain if NPS chooses to privatize services offered to the public in the National Parks.  Privatization plans that seek to provide corporations with a profit opportunity, rather than protecting the quality and affordability of National Park services to visitors, will harm the public and make visits to the National Parks less accessible to every American.

4. Plaintiff seeks information that would illuminate for the public the process by which Defendant selected the Committee's members.  Defendant's failure to respond to Plaintiff's request violates FOIA and deprives the public of the transparency to which they are entitled.  Accordingly, Plaintiff seeks injunctive relief compelling Defendant to immediately and fully comply with Plaintiff's requests under FOIA.

## JURISDICITON AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff Democracy Forward Foundation is a not-for-profit public interest organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

8. Defendant DOI is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### DOI's park management responsibilities, and the Committee

9. DOI, through NPS, is responsible for managing America's national parks, including providing for the enjoyment of the scenery, natural and historic objects, and wildlife therein. *See* 54 USC § 100101.

10. The National Park System hosts over 275 million visitors, and collects hundreds of millions of dollars in fees and donations from visitors each year.

11. For decades, the National Park System has been advised by a congressionally-created National Park System Advisory Board ("NPSAB"), comprised of up to 12 members, with at least half the members required to have expertise in various scientific fields, at least four members required to have experience in management of public parks, and at least one member required to have experience in other professional disciplines relevant to management of the Park System. *See* 54 U.S.C. § 102303. The purpose of the NPSAB has been to advise NPS on matters related to the National Park System and its administration.

12. In January 2018, ten of the 12 members of the NPSAB resigned from their posts, with the former Chairman of the Board noting that Secretary Zinke had not met with the Board once since the Secretary's confirmation in March 2017.

13. Secretary Zinke has been a vocal proponent of privatizing large swaths of services provided to the public by NPS. Last year, he told members of the Recreational Vehicle Industry Association that he didn't "want to be in the business of running campgrounds," because he

believed NPS employees would "never be as good as you are."  He said NPS would be increasing its use of public-private partnerships, and providing more opportunities for companies to get involved in managing campgrounds, transportation, and telecommunications in the national parks, while redirecting NPS's workforce.  Zinke explained that in his vision, NPS employees would be "cleaning the bathrooms.  But actually running services, that's something we should be pushing to somebody who's updated and knows the market better."

14. The Committee was announced on November 8, 2017.  The day before that, NPS's deputy director for management and administration explained to one of her colleagues that the Committee arose out of discussions Zinke had had with Derrick Crandall, the president of the Outdoor Recreation Roundtable trade association and chief executive of the American Recreation Coalition, an industry group including snowmobile manufacturers and ATV dealers.

15. On March 26, 2018, Secretary Zinke announced the list of individuals he was appointing to the Committee, nearly all of whom are employed by private hospitality and outdoor recreation companies.  *See* Press Release, U.S. Dep't of Interior, Sec'y Zinke Selects Members of Newly-Created "Made in America" Outdoor Recreation Advisory Comm., (March 26, 2018), https://www.doi.gov/pressreleases/secretary-zinke-selects-members-newly-created-made-america-outdoor-recreation-advisory.

16. The membership of the Committee includes multiple existing NPS concessionaires, some of whom had been flagged within DOI as having potential conflicts of interest in serving on the Committee.

17. Notably, one of the companies with an employee on the Committee, Delaware North, has been engaged in a public and protracted legal fight over its efforts to trademark the name "Yosemite National Park" and enforce that trademark through a lawsuit against NPS.

18. Derrick Crandall was also named to the Committee.

19. The extent of privatization of NPS services is a subject of controversy, as some argue that privatization of NPS services, especially as a means of cutting the federal budget, will result in substantially higher prices for visitors to the parks.

20. On June 29, 2018, NPS published a notice announcing the first meeting of the Committee, to be held on July 19, 2018. 83 Fed. Reg. 30772 (June 29, 2018).

## Plaintiff's FOIA Request

21. To understand and explain to the public the process by which Secretary Zinke selected individuals to serve on the Committee, Plaintiff filed a FOIA request on May 9, 2018.

22. The FOIA request, attached here as Exhibit A, requested communications between certain political appointees at DOI and the 15 outdoor recreation companies, industry groups, and other organizations whose employees are among those seated on the Committee.

23. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

24. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the FOIA request within 20 business days of receipt of the request and to notify plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

25. On May 16, 2018, Defendant sent Plaintiff an acknowledgement that it had received the FOIA Request, and assigned it control number OS-2018-01151. DOI informed Plaintiff that it was "in the process of determining" whether to grant Plaintiff's request for a

5

waiver of search and processing fees, and that Defendant was placing the FOIA Request in the "Complex" processing track, allowing Defendant to take a 10-workday extension for processing the Request under 43 C.F.R. §2.19. To date, this May 16, 2018 acknowledgement letter was the last communication from Defendant to Plaintiff.

26. As of the date of this complaint, Defendant has failed to: (1) determine whether to comply with the FOIA request, (2) notify Plaintiff of any such determination of the reasons therefor, (3) advise Plaintiff of the right to appeal any adverse determination, or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

27. Because Defendant has failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

28. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. By failing to respond to Plaintiff's request within the statutorily mandated 20 days, Defendant has violated their duties under 5 USC § 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and not to withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

2. order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4. order Defendant to grant Plaintiff's request for a fee waiver;

5. award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. grant any other relief this Court deems appropriate.

Dated: July 16, 2018								Respectfully submitted,

*/s/ Javier M. Guzman*
Javier Guzman (D.C. Bar No. 462679)
Travis Annatoyn* (*pro hac vice* motion forthcoming)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
 (202) 448-9090
jguzman@democracyforward.org
tannatoyn@democracyforward.org

*Admitted in New York; practicing under the supervision of members of the D.C. Bar while D.C. Bar application is pending.